IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. 06-047ML |
| | : | |
| RICHARD B. JONES | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Introduction

Defendant Richard B. Jones (Jones or defendant) has requested that this Court exercise its discretion and sentence the defendant below the Sentencing Guidelines range. Jones argues that a combination of unique circumstances such as drug addiction, mental health issues, and being detained on other charges, entitles him to a sentence below the 57 to 71 month range found by the United States Probation Department. The government disagrees.

Law

In light of United States v. Booker,125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform

an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted. As was the case previous to the Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d

77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137, 111 S.Ct. 2182, 2186 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996); United States v. Dethlefs, 123 F.3d 39 (1st Cir. 1997).

A. Drug Addiction

Defendant asks this Court for leniency based on his "drug addiction.” A court may depart if it finds an aggravating or

mitigating circumstance or of a kind not adequately taken into consideration by the Sentencing Commission. USSG § 5K2.0(a)(1). Drug addiction does not fall within either category. The First Circuit held that a court erred in granting a downward departure based in whole or in part on drug addiction. United States v. Citro, 838 F.2d 1431, 1439 (1st Cir. 1991) citing United States v. Williams, 891 F.2d 962, 965 (1st Cir. 1989). Common experience tells us that many, if not most, violent crimes are committed by drug addicts. The Sentencing Commission specifically stated, "Drug . . . dependence . . . is not a reason for a downward departure. USSG § 5H1.4. The government does believe, however, that the defendant should receive drug treatment while incarcerated and while serving his term of supervised release, if he is, in fact, drug dependant.

B. Mental Health

Like drug addiction, mental condition is a discouraged basis for departure under the guidelines, USSG § 5H1.3, so a departure is warranted only if the circumstances are "extraordinary." United States v. Derbes, 369 F.3rd 579, 580 (1st Cir. 2004). The government submits that there is nothing extraordinary about defendant's mental condition and a sentence below the guideline range is not warranted.

C. Impact of Having Charges in Both State and Federal Court

Defendant asks this Court for leniency because he will not receive credit for time spent in state custody on unrelated state charges. Actually, the government believes he will receive credit from April 14, 2006 (date of arraignment in federal court) until July 20, 2006 (date of dismissal of state charges for the instant bank robbery). Of course, he will receive state credit for the unrelated state offenses for which he is being held. If he were incarcerated at Wyatt, he would complain to the state court that he would not receive credit on the state charges.

The unrelated offenses for which he is being held are another robbery, forgery and B&E. This is a problem of defendant's own making and he must suffer the consequences.

D. 2 Point Enhancement

Defendant suggests that he merely mentioned a gun in a note and consequently, this Court should treat the enhancement as the "least egregious conduct covered by this guideline." Threats need not be explicit. The commentary to USSG 2B3.1(b)(2)(F) in Note 6 advises the Court that it should consider whether the defendant's statement would "instill in a reasonable person, who is a victim of the offense, a fear of death." The government submits that any reasonable bank teller who is handed a note in which the robber states he has a gun, would reasonably fear that she may be killed if she doesn't comply with the demand for

money. The First Circuit has held that implicit threats communicating an intent to kill are sufficient to trigger the enhancement. United States v. Burns, 160 F.3d 82, 85 (1st Cir. 1998); United States v. Gray, 177 F.3d 86, 91 (1st Cir. 1999).

In Gray, the court cited with approval United States v. Hun, 24 F.3d 994, 997 (7th Cir. 1994) which upheld the enhancement for a note which stated, "Give me all the money now. I have a gun. No tricks, I'm watching." and United States v. Figueroa, 105 F.3d 874, 875 (3rd Cir. (1997). ("I have a gun. Give me all the money.")

Conclusion

For the above reasons, the government submits that defendant's motion for a sentence below the sentencing guidelines should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700
U.S. Attorney's Office, 8th FL
50 Kennedy Plaza
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov

CERTIFICATION OF SERVICE

On this 25th day of September, 2006, I caused the Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Robert B. Mann, Esquire
One Turks Head Place, Suite 610
Providence, RI 02903

Notification by first class mail, postage prepaid:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email james.leavey@usdoj.gov